**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

Alexandria Division

| | |
|---|---|
| HARRY CHARITY, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | Criminal Case No. 1:06CR175<br>Civil Action No. 1:13CV736 |

**MEMORANDUM OPINION**

This case is before the Court on Harry Charity's ("the Petitioner") Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255.

On May 4, 2006 a federal grand jury indicted the Petitioner charging him with several drug crimes, and with possessing a firearm in furtherance of those drug crimes. On July 27, 2006 the Petitioner plead guilty to Count 6 as part of a Plea Agreement. The Petitioner admitted to possessing a firearm in furtherance of drug trafficking in violation of Title 18, United States Code, Section 924(c), and on October 27, 2006 subsequent to a sentencing hearing, this Court sentenced the Petitioner to a three hundred month (300) term of imprisonment and a five (5) year term of supervised release. The Petitioner did not directly appeal his Plea Agreement or sentence in this case. On

June 17, 2013 the Petitioner filed this instant Motion.

Section 2255(f) sets forth the statute of limitations for motions brought under that section:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A conviction becomes final when the last appeal is taken, or the time to file such an appeal (including a writ of certiorari) expires. See Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987). A defendant has 90 days to file a petition for a Writ of Certiorari seeking review of a judgment by a United States court of appeals. See Sup. Ct. R. 13.1.

The Judgment of Conviction in this case took effect on October 27, 2006, thus, under § 2255(f)(1), the latest date for

2

the Petitioner's filing of his §2255 Motion was October 27, 2007. The Petitioner filed his §2255 Motion on June 17, 2013, five years after his conviction became final. This time limitation is a statutory bar, and the Court may not extend the time limitation for any reason. Thus, if the Petitioner wished to file a motion more than a year after the judgment of his conviction became final, his only recourse is to claim that his case falls under one of the three exceptions in 28 U.S.C. § 2255(f). The Petitioner makes no such claims.

For these reasons, the Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 must be denied.

An appropriate Order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
September 28, 2016